David DALLOF, Administrator for Terry David Dallof, Deceased, Plaintiff and Respondent,

v.

Bert ROBINSON, dba Bert Robinson & Son Contractors, Defendant and Appellant.

No. 13369.

Supreme Court of Utah.

March 19. 1974.

C. DeMont Judd, Jr., and Parley R. Baldwin, Ogden, for defendant and appellant.

Robert A. Echard and Robert L. Neeley, Ogden, for plaintiff and respondent.

ELLETT, Justice:

This action was brought by the administrator of the estate of Terry David Dallof for injuries received due to claimed negligence of the defendant. The death of Terry was in no way related to the injuries complained of.

The defendant appeals from an adverse judgment in favor of the plaintiff and claims error in the following particulars:

1. The court erred in finding that Terry Dallof was acting in the course of employment.

2. The court erred in finding that Terry Dallof's injuries were caused by the wrongful act, neglect or default of defendant-appellant.

3. The court erred in failing to allow Bert Robinson to testify to transactions with the deceased.

4. The court erred in failing to dismiss plaintiff's action under Section 35–1–58, Utah Code Annotated 1953.

The dispute in this case revolves about the question of whether Terry was in the course of his employment at the time he was injured. The trial judge sitting without a jury found that he was, and there was believable evidence to sustain this finding.

The defendant did not have workmen's compensation insurance, and he would be liable for his negligence which caused injury to workmen in the course of their employment and would be denied the defenses of contributory negligence, fellow-servant rule, and assumption of the risk.[1] The statute[2] also provides that "proof of the

1. Sec. 35–1–57, U.C.A.1953 (1973 Pocket Supplement).

2. Sec. 35–1–57, U.C.A.1953 (1973 Pocket Supplement).

injury shall constitute prima facie evidence of negligence on the part of the employer and the burden shall be upon the employer to show freedom from negligence resulting in such injury."

The defendant did business under the name and style of "Bert Robinson & Son." He said he went as Bert Robinson until his boy got older, and then he put the name on of "Bert Robinson & Son." The son was not a partner. He drew money as he needed it—$25–$50 per week, plus child support of $75 per month.

While the son was not a partner, he did have authority to hire and supervise employees. He and Terry Dallof were buddies, and he was teaching Terry how to operate a front-end loader. At the time of the accident Terry was 27 years of age.

The son testified at trial and on cross-examination admitted that when his deposition was taken he had testified as follows:

Q. [M]y question was who else was working for your company the day the accident happened. And what did you answer?

A. I says here I think that Terry and I were the only ones.

Q. Continue, please.

A. As far as I recall that day.

\* \* \* \* \* \*

Q. Isn't it true that you testified in your deposition that that morning, the morning of the accident, that you had been backfilling a pipeline in South Ogden City?

A. Yes.

\* \* \* \* \* \*

Q. Isn't it true that you testified that Terry was with you?

A. Yes, he was with me.

\* \* \* \* \* \*

A. We backfilled the trench with it [the front-end loader] on the semi.

\* \* \* \* \* \*

A. Apparently Terry was with me.

The son testified at trial that Terry did not work the day of the accident—that they were pals and Terry was around. However, they were to move the front-end loader and the semi truck. The son said Terry was to drive the semi and he (the son) would move the loader and that he told Terry not to drive the loader.

Terry had no license to drive, and the son knew it. Despite that testimony, the evidence was clear that the son drove the semi (he said to get coffee) and Terry drove the loader, which overturned as it was being driven off the highway down a ramp and injured Terry.

The accident occurred September 19, 1968. The defendant had given Terry checks as follows:

| July 6, 1968 | $ 41.00 |
| July 12, 1968 | 25.92 |
| July 19, 1968 | 54.43 |
| July 27, 1968 | 45.49 |
| August 2, 1968 | 46.75 |
| August 8, 1968 | 79.28 |
| August 16, 1968 | 53.36 |
| August 24, 1968 | 41.76 |
| August 30, 1968 | 41.28 |
| September 6, 1968 | 75.00 |
| September 12, 1968 | 61.38 |
| September 20, 1968 | 49.44 |

The trial court had ample reasons for believing and holding that Terry was in the course of his employment when he was injured.

There was also ample evidence to support the finding of the trial court that Terry's injuries were caused by the negligence of the defendant in that the hydraulic brake system of the front-end loader leaked brake fluid and would not brake properly when the fluid was low.

The defendant complains because he was not permitted to testify to transactions with the decedent, since he was called as a

witness by the administrator of the decedent. He apparently believes that if he is called as a witness by the administrator, he then may testify to transactions with the dead man. Our statute, Section 78–24–2, U.C.A.1953, prevents a party to a civil action from testifying to matters equally within the knowledge of the witness and the deceased unless such witness is called to testify thereto by the administrator of the estate of the deceased.

This statute does not mean that a party may not be called to testify to matters not pertaining to transactions with the deceased without opening up the matter so that the survivor may testify to forbidden transactions. It is when the administrator calls the survivor to testify to the transaction that the matter is opened up for further testimony in that regard. The ruling of the trial court was correct in denying defendant the right to testify to transactions with the deceased.

The defendant now claims that the plaintiff cannot recover in this action because Terry, during his lifetime, filed a claim for workmen's compensation insurance pursuant to Section 35–1–58, U.C.A.1953. This statute permits an injured employee to file for compensation and requires an employer who does not carry workmen's compensation insurance to pay the award made within ten days after receiving notice of the same.

The answer to this contention is that it was not raised in the court below, and we will not consider it on appeal. The defendant cannot ignore a proceeding which would undoubtedly have resulted in an award and defend an action at law and then if he loses his case claim that the action does not lie.

The judgment is affirmed. Costs are awarded to the respondent.

CALLISTER, C. J., and HENRIOD, CROCKETT, and TUCKETT, JJ., concur.